IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TRENT L. PADGETT                                                                                    PLAINTIFF

v.                                        CIVIL NO. 12-3161

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Trent L. Padgett, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Background Procedure:**

Plaintiff protectively filed his current applications for DIB and SSI on July 23, 2010, and August 5, 2010, respectively, alleging an inability to work since June 15, 2008, due to deterioration of discs, spinal nerve damage, bone spurs, arthritis, high blood pressure, heart

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

arrythmia, plantar faciitis, a bleeding ulcer, severe chronic pain, and severe gout.[2] (Tr. 154, 156,187, 201). An administrative hearing was held on September 8, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 39-89).

By written decision dated February 17, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalia/myofascial pain syndrome; osteoarthritis and degenerative disk disease of the thoracolumbar spine, non-cardiac chest pain, gout, right Achilles tendonitis, hypertension, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work as defined in 20 C.F.R.§§ 404.1567(a) and 416.967(a). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on November 8, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10,11).

---

[2]The Court notes that the ALJ's decision notes that applications dates as February 2, 2010, and July 23, 2010. (Tr. 10).

(Rev. 8/82)

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff was able to perform a full range of sedentary work. In making this determination, the ALJ did not address the December of 2011 opinion of Dr. Ted Honghiran, an orthopedic surgeon, who examined Plaintiff upon the request of the Administration. (Tr. 683-687). While the Court notes that Dr. Honghiran did not have the benefit of having all of Plaintiff's medical records before him to review, Dr. Honghiran did examine Plaintiff on December 12, 2011. Based upon this examination, Dr. Honghiran opined that Plaintiff could sit for a total of four hours in an eight-hour day, one hour without interruption; and stand and walk for a total of one hour each in an eight-hour day, one hour without interruption. As the ability to perform a full range of sedentary work requires the ability to sit for a total of six hours in an eight-hour day, and to stand and walk two hours out of an eight-hour day, the Court is disturbed by the ALJ's failure to discuss Dr. Honghiran's opinion that Plaintiff could only sit for four hours, and that Plaintiff would need to change positions after one hour of work. Based on the foregoing, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's ability to perform work-related activities.

On remand, the ALJ is directed to discuss Dr. Honghiran's assessment. If needed, the ALJ can also direct interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment

AO72A
(Rev. 8/82)

regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of December, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE